THE AMERICAN TRADING CO. *v.* SEPÚLVEDA, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *certiorari.*

No. 92.—Resuelto en mayo 7, 1912.

ORDENES INAPELABLES—NOMBRAMIENTO DE SÍNDICO.—Es inapelable una orden de una corte de distrito denegado el nombramiento de un síndico.

NOMBRAMIENTO DE SÍNDICO—PETICIÓN JURADA—FALTA DE OPOSICIÓN JURADA.— El mero hecho de que no se haga oposición jurada a una solicitud también jurada para que se nombre un síndico, no es razón para que éste deba necesariamente ser nombrado, si la solicitud en sí misma es insuficiente para lo que se pide.

ID.—POSESIÓN DE LA FINCA POR EL DEMANDANTE—PERJUICIOS.—En el caso de autos se resolvió que la solicitud sobre nombramiento de síndico fundada en que los demandados cuidarían mal las fincas y malbaratarían sus productos, era insuficiente, pues de la misma se desprende que en la fecha en que fué hecha los demandados no tenían posesión de las fincas sino que se hallaban en poder del demandante, existiendo solamente el temor de que los demandados tomaran posesión de ellas.

Los hechos están expresados en la opinión.

Abogado del promovente: Sr. *Felipe Casalduc.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la solicitud se expone que habiendo adquirido la peticionaria por remate seis fincas en pago de un pagaré hipotecario, después Inocencia Quevedo como dueña de otro pagaré, siguió procedimiento ejecutivo hipotecario contra esas fincas, las que en remate fueron vendidas, una de ellas a la Señora Quevedo, y las cinco restantes a su hijo político Jaime Fernández: que en vista de esto la peticionaria American Trading Co. presentó demanda contra Inocencia Quevedo a fin de que se declarase la nulidad del procedimiento que contra ella siguió dicha señora y que produjo la venta y adjudicación de las fincas, así como que se ordene la cancelación de la inscripción de la hipoteca que garantiza el pagaré en que basó su acción la Sra. Quevedo, en cuanto a las expresadas fincas de la American Trading Co.; que por virtud de tal demanda presentó en 2 de abril último, moción jurada a la corte para que nombrase un síndico para esas fincas, en tanto se resolvía

la contienda promovida respecto de ellas, fundándose en lo expuesto en la demanda y además: (*a*) en que habían sido rematadas las fincas; (*b*) en la información y creencia que tenía la peticionaria de que sería despojada de la posesión de las fincas, las que sufrirían perjuicios por defectuoso cultivo y porque sus frutos serían malversados; y (*c*) que tales actos causarían irreparables perjuicios a la peticionaria. Por último alega que la corte, después de una comparecencia a la que concurrieron la peticionaria, Jaime Fernández e Inocencia Quevedo por sus abogados, sin que éstos presentaran oposición jurada ni prueba alguna, concretándose únicamente a argumentar, decidió en 30 de abril declarando sin lugar la moción.

Contra esta orden se recurre alegando que no es apelable, que infringe las secciones 369 y 370 de los Estatutos Revisados (Efectividad de sentencias), y también el artículo 182 apartado 1°. y 5°., del Código de Enjuiciamiento Civil y que se trata de corregir errores de procedimiento.

El Código de Enjuiciamiento Civil no concede apelación contra la orden recurrida. (Véase el art. 295, No. 3, y las sentencias.)

*Salvá et al.* v. *Sucesión Borrás,* 8 D. P. R., 203.

*Moreno* v. *Martínez,* 10 D. P. R., 525.

*Fernández et al.* v. *Foix et al.,* 16 D. P. R., 262.

*Balasquide* v. *Rossy,* resuelto en febrero 9, 1912.

Los errores de procedimiento que se alegan no demuestran que la corte haya faltado a los trámites de la ley, sino que expresan que el juez hizo mal uso de su discreción al negarse a nombrar un síndico.

El mero hecho de que no se haga oposición jurada a una solicitud también jurada para que se nombre un síndico, no es razón para que éste deba necesariamente ser nombrado, si la solicitud en sí misma es insuficiente para lo que se pide.

En el presente caso el fundamento de ella es que los demandados cuidarán mal las fincas y malbaratarán sus pro-

ductos; mas, sin embargo, falta el fundamento principal de que esto pueda suceder, pues a la fecha de esa solicitud los demandados no tenían las fincas en su poder, sino que se hallan en el del demandante y sólo existe el temor de que los demandados tomen posesión de ellas y lleguen a disfrutarlas en la manera que presume.

Lo expuesto demuestra claramente que no hubo error de procedimiento ni falta de jurisdicción en la orden de la corte, y debe desestimarse la solicitud para que se expida el auto solicitado.

*Desestimada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.